IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01392-BNB

GARY ANTHONY COLE, SR.,

  Plaintiff,

v.

M. PUGH, Warden, C.E.O.,
R. HOOD, Warden, C.E.O.,
R. WILEY, Warden, C.E.O.,
D. CALLAHAN, Associate Warden of Programs,
J. BURRELL, Associate Warden of Programs,
C. CHESTER, Associate Warden of Programs,
D. DUNCAN, Associate Warden of Custody,
J. ZUERCHER, Associate Warden of Custody,
L. HUGHTSON, Captain,
H. CHURCH, Captain,
S. ROLLETT, Unit Manager,
T. WERLICH, Unit Manager,
M. COLLINS, Unit Manager,
T. SUDLOW, Case Manager,
S. BEICKER, Case Manager,
R. DERR, Case Manager,
V. SUDLOW, Case Manager,
D. WHITE, Unit Counselor,
R. MADISON, Unit Counselor,
J. ARROYO, Unit Counselor,
W. HAYGOOD, Unit Counselor,
C. B. SYNSVOLL, Supervisory Attorney,
J. D. CROOK, Attorney Advisor,
T. MONTOYA, Attorney Advisor,
D. LOCKE, Attorney Advisor,
B. BRIESCHKE, Attorney Advisor,
J. COOPER, F.C.C. Controller,
D. GALL, Inmate Service Supervisor,
T. GIVENS, I.T.S. Business Officer,
D. CARPENTER, Lieutenant,
M. SOSA, I.T.S. Mailroom Supervisor,
J. YORK, Special Investigative Supervisor Technician,
R. TURNER, Special Investigative Supervisor Technician,
J. CONTRERAS, Special Investigative Supervisor Technician,
J. JOHNSON, Correctional Officer Specialist,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 4 2006

GREGORY C. LANGHAM
CLERK

P. SCHAFFER, Correctional Officer Specialist, Now Lieutenant,
L. LEYBA, Doctor/Physician (P.H.D), Clinical Director,
R. BAURR, Health Service Administrative Captain,
B. GREENWOOD, Assistant, Health Service Administrator Captain,
H. TRAPP, Nurse Practitioner, Lieutenant,
D. SCHIEFELBEIN, Physician Assistant,
A. OSAGIE, Physician Assistant,
N. GLADBACH, Nurse Practitioner,
S. FICKLE, Health Service Technician,
B. NORBURY, Paramedic,
A. PERRY, Health Systems Specialist,
M. DUNLAP, Disciplinary Hearing Officer, Lieutenant,
L. SMITH, Disciplinary Hearing Officer, Lieutenant,
K. HAWKS-SOYER, Director,
H. LAPPIN, Director,
G. L. HERSHBERGER, Regional Director,
M. NALLEY, Regional Director,
M. S. CRUZ, Associate Warden of Programs,
J. SHARTLE, Associate Warden of Custody,
D. CLARK, Lieutenant,
W. BERRY, Lieutenant,
J. SMITH, Correctional Officer Specialist,
J. VIGIL, Correctional Officer Specialist,
T. GOFF, Correctional Officer Specialist,
UNKNOWN NAME OFFICERS, Correctional Officers Specialists,
A. WALKER, Physician Assistant, Lieutenant, and
D. KRIST, Special Investigative Supervisor Technician, et al.,

  Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

  Plaintiff Gary Anthony Cole, Sr., is in the custody of the United States Bureau of

Prisons and currently is incarcerated at ADX Florence. On July 11, 2006, Mr. Cole

submitted a Prisoner Complaint. He also paid the $350.00 filing fee. Plaintiff is subject

to 28 U.S.C. § 1915(g) restrictions.

2

The Court must construe the Complaint liberally because Plaintiff is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint. Plaintiff also will be ordered to state specifically how he has exhausted administrative remedies.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them, so that they may respond, and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*** , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Complaint is in excess of three hundred pages and sets forth sixty-two claims against sixty-two named Defendants. Plaintiff also has attached at least two reams of exhibits. In conducting a review of the sixty-two claims the Court finds that each of the claims are titled as "Violations of Plaintiff Gary Anthony Cole, Sr., 1st, 4th, 5th, 6th, and 8th Amendments of the United States Constitution." Under the supporting facts section of each of the claims Plaintiff lists named Defendants that appear to be the individuals responsible for the alleged incidents under each claim. Plaintiff's claims are repetitious, which is the reason the Complaint is unnecessarily long. Plaintiff repeats the same allegations against a different Defendant in each claim.

The Complaint fails to set forth a short and plain statement of Plaintiff's claims showing that he is entitled to relief in this action. See Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Plaintiff apparently expects the Court to examine all sixty-two claims, however redundant. That is not the Court's job. It is Plaintiff's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

It appears that Plaintiff has no more than six claims, including (1) improper medical treatment; (2) misuse of Plaintiff's funds; (3) misuse of Plaintiff's legal and social mail; (4) cruel and unusual punishment, which appears to include placement in cells with feces and urine on the walls, vents, and bars, and harassment and assaults; (5) denial of access to the courts; and (6) denial of legal and personal property.

4

(Compl. at 3 and Attach. 3.)  Plaintiff is directed to amend the Complaint to set forth each of the claims he has identified on Page Three and on Attachment Three of the Complaint in a **concise and simple** manner.  He is further instructed to name in each of the six claims each Defendant who is alleged to violate his constitutional rights in that claim and to state what each did to violate his rights.

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Section 1997e(a) also "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.  Section 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).  Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, the entire Complaint must be dismissed.  Furthermore, § 1997e requires that Plaintiff properly exhaust his administrative remedies, which includes following all

procedures set forth in a prison grievance system. ***Woodford v. Ngo***, 126 S. Ct. 2378 (2006).

Plaintiff asserts that he has filed administrative remedies including a B11 form, which is the form a prisoner files when filing a step-three or final grievance, in each of the claims that he has asserted. He further states that prison staff members have destroyed most of his grievances, but that he has attached the grievances that he possesses. Plaintiff further asserts on Page Seven of the complaint form, under Section "F. Administrative Relief," that copies of his exhausted remedies are attached in Exhibits A through R. Plaintiff also claims that he still is pursuing administrative remedies.

To the extent that Plaintiff has attached copies of grievances and states that they may be found in attached exhibits, it is not the Court's responsibility to examine all of the exhibits and try to determine if a grievance is included and to match the grievance to each of the sixty-two claims that Plaintiff has asserted. Furthermore, if Plaintiff no longer has copies of grievances for any claim that he asserts he must describe with specificity the steps he has taken to exhaust administrative remedies for each of the claims he raises. Also as stated above, Plaintiff may not file a claim in this Court unless he has completely exhausted his administrative remedies. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8, as set forth above, and that states with specificity how he has exhausted his administrative remedies. It is

6

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED August 14, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-01392-BNB

Gary Anthony Cole
Reg. No.  22707-077
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on ~~8/14/06~~.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk