IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01392-BNB

GARY ANTHONY COLE, SR.,

    Plaintiff,

v.

M. PUGH, Warden, C.E.O.,
R. HOOD, Warden, C.E.O.,
R. WILEY, Warden, C.E.O.,
D. CALLAHAN, Associate Warden of Programs,
J. BURRELL, Associate Warden of Programs,
C. CHESTER, Associate Warden of Programs,
D. DUNCAN, Associate Warden of Custody,
J. ZUERCHER, Associate Warden of Custody,
L. HUGHTSON, Captain,
H. CHURCH, Captain,
S. ROLLETT, Unit Manager,
T. WERLICH, Unit Manager,
M. COLLINS, Unit Manager,
T. SUDLOW, Case Manager,
S. BEICKER, Case Manager,
R. DERR, Case Manager,
V. SUDLOW, Case Manager,
D. WHITE, Unit Counselor,
R. MADISON, Unit Counselor,
J. ARROYO, Unit Counselor,
W. HAYGOOD, Unit Counselor,
C. B. SYNSVOLL, Supervisory Attorney,
J. D. CROOK, Attorney Advisor,
T. MONTOYA, Attorney Advisor,
D. LOCKE, Attorney Advisor,
B. BRIESCHKE, Attorney Advisor,
J. COOPER, F.C.C. Controller,
D. GALL, Inmate Service Supervisor,
T. GIVENS, I.T.S. Business Officer,
D. CARPENTER, Lieutenant,
M. SOSA, I.T.S. Mailroom Supervisor,
J. YORK, Special Investigative Supervisor Technician,
R. TURNER, Special Investigative Supervisor Technician,
J. CONTRERAS, Special Investigative Supervisor Technician,
J. JOHNSON, Correctional Officer Specialist,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2006

GREGORY C. LANGHAM
                CLERK

P. SCHAFFER, Correctional Officer Specialist, Now Lieutenant,
L. LEYBA, Doctor/Physician (P.H.D), Clinical Director,
R. BAURR, Health Service Administrative Captain,
B. GREENWOOD, Assistant, Health Service Administrator Captain,
H. TRAPP, Nurse Practitioner, Lieutenant,
D. SCHIEFELBEIN, Physician Assistant,
A. OSAGIE, Physician Assistant,
N. GLADBACH, Nurse Practitioner,
S. FICKLE, Health Service Technician,
B. NORBURY, Paramedic,
A. PERRY, Health Systems Specialist,
M. DUNLAP, Disciplinary Hearing Officer, Lieutenant,
L. SMITH, Disciplinary Hearing Officer, Lieutenant,
K. HAWKS-SOYER, Director,
H. LAPPIN, Director,
G. L. HERSHBERGER, Regional Director,
M. NALLEY, Regional Director,
M. S. CRUZ, Associate Warden of Programs,
J. SHARTLE, Associate Warden of Custody,
D. CLARK, Lieutenant,
W. BERRY, Lieutenant,
J. SMITH, Correctional Officer Specialist,
J. VIGIL, Correctional Officer Specialist,
T. GOFF, Correctional Officer Specialist,
UNKNOWN NAME OFFICERS, Correctional Officers Specialists,
A. WALKER, Physician Assistant, Lieutenant, and
D. KRIST, Special Investigative Supervisor Technician, et al.,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Gary Anthony Cole, Sr., filed a *pro se* "Motion to Correct Errors in Response to Court Order of Sept. 27, 2006, Rule (8) Eight Requirements," on November 8, 2006. The Court must construe the Motion liberally because Mr. Cole is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the

Motion will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). **See id.** A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Cole's Motion was filed more than ten days after the Court's September 27, 2006, Order and Judgment of Dismissal. Although Mr. Cole dated the Motion October 7, 2006, he has not met the burden he is required to meet to establish his entitlement to the benefit of the mailbox rule under **Houston v. Lack**, 487 U.S. 266 (1988), which would provide a basis for considering the Motion as filed pursuant to Fed. R. Civ. P. 59(e). **See Price v. Philpot**, 420 F.3d 1158 (10th Cir. 2005).

Furthermore, to the extent Mr. Cole claims, in the Letter he filed on November 8, 2006, that because prison staff will not provide copies of his filings he was not able to file a motion to reconsider sooner, the Motion to Reconsider still is found to be filed later than ten days after the dismissal of the instant action. Mr. Cole did not date the Letter complaining of the denial of copies until September 16, 2006, which is more than ten days after the instant action was dismissed. Nonetheless, Mr. Cole can provide handwritten copies of his filings with the Court. Simply because he was denied copies

3

does not mean that the Court should consider the Motion to Reconsider as filed within ten days of the date of the dismissal of the Complaint and action. Therefore, the Court finds that the Motion is properly construed as filed pursuant to Rule 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). The Court dismissed the instant action without prejudice because Mr. Cole's Amended Complaint did not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The basis for the dismissal is explained in detail in the September 27, 2006, Order and Judgment of Dismissal.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Cole fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the Motion to Reconsider will be denied. Mr. Cole is reminded that the instant action was dismissed without prejudice and that, if he chooses, he may raise his claims in a new action that complies with the pleading requirements of Fed. R. Civ. P. 8.

In response to Plaintiff's request, the Clerk of the Court will be directed to send copies to Plaintiff of the documents filed with the Court on November 8, 2006. Plaintiff is instructed that in the future he will be responsible for making his own copies, which may include handwriting his own copies. With respect to Plaintiff's threat to stab someone, the Clerk of the Court will be directed to send a copy of the November 8, 2006, Letter to the Warden at ADX Florence. Accordingly, it is

ORDERED that the "Motion to Correct Errors in Response to Court Order of Sept. 27, 2006, Rule (8) Eight Requirements" is construed as a Motion to Reconsider filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and is denied. It is

FURTHER ORDERED that the Clerk of the Court shall send copies to Plaintiff of the documents that he filed with the Court on November 8, 2006. It is

FURTHER ORDERED that the Clerk of the Court shall send a copy of the November 8, 2006, Letter to the Warden at ADX Florence.

DATED at Denver, Colorado, this 14 day of Nov., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01392-BNB

Gary Anthony Cole
Reg. No. 22707-077
ADX - Florence
PO Box 8500
Florence, CO 81226

United States Penitentiary
Attn: Warden
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and copies of the documents filed 11/8/06 to Mr. Cole and to the Warden** to the above-named individuals on 11/15/06.

GREGORY C. LANGHAM, CLERK

By: /s/
      Deputy Clerk